[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is Defendant's appeal from an order entered by the Family Support Magistrate, Lifshitz, FSM, on July 16, 1996, modifying Defendant's obligation for the support of the parties' minor child[1] from $50.00 to $157.00 per week.
It should be noted at the outset that the Court's focus is on the amount of the increase of the Defendant's child support obligation and not whether an increase should have been ordered in the first instance. The Defendant's own financial affidavit filed with the Court on July 3, 1996, taken together with the Plaintiff's financial affidavit filed on July 9, 1996, indicate (according to Support Enforcement Division's child support guideline calculations) a presumptive child support obligation of $105.57.[2] This amount, which is driven largely by the income reported by the Defendant, exceeds the then existing child support order ($50.00) by more than 15% and, accordingly, an upward modification was appropriate pursuant to C.G.S. § 46b-86 (a). The Magistrate's order in the amount of $157.00 per week is based on all of the evidence presented at the hearing and reflects his conclusion that the Defendant understated his gross and net income on his financial affidavit.
The grounds for Defendant's appeal, which are referenced below, are largely rooted in his disagreement with certain findings of fact made (or not made) by the Magistrate. Many of the factual findings made by the Magistrate, however, were occasioned in large part by the Defendant's own actions. The Defendant repeatedly failed to cooperate with the Support Enforcement Division in connection with certain financial disclosure orders entered by this Court as well as the Magistrate's court. This lack of cooperation was exacerbated by Defendant's failure to appear in the Magistrate's court on the date on which Plaintiff's motion for modification was scheduled for hearing.[3] As a result, it was well within the Magistrate's discretion (i) to draw an adverse inference from Defendant's failure to make financial disclosure's as ordered, and (ii) to make factual findings which he might otherwise not CT Page 10189 have made had Defendant appeared at the hearing and substantiated his claims.
The Defendant advances four issues in his appeal from the Magistrate's order. First, he contends that the Magistrate, in calculating Defendant's net income, did not allow for the deduction of Defendant's legitimate business expenses. A review of the transcript of proceedings below, however, reveals that the Magistrate did accept and allow deductions totalling an excess of $60,000.00 from Defendant's total business revenues. He did not allow certain other deductions reported on Defendant's income tax return as he determined the same to be either (i) non-cashflow items such as depreciation or (ii) personal, rather than business, expenses of the Defendant. The Magistrate was aware of the nature of Defendant's business (ownership and operation of an inn) and the findings he made regarding the Defendant's legitimate business expenses were appropriate. It may be that the priority of certain other deductions which the Magistrate did not take into consideration might have been substantiated by proper evidence. However, the defendant failed to appear and present such evidence at the hearing.
Second, the Defendant contends that the Magistrate, in calculating the Defendant's net income, did not allow a deduction for any income tax liability. The guidelines do provide for such a deduction, however the deduction is premised upon a finding that the obligor actually incurs and pays such taxes. The only evidence before the Magistrate in this regard was the Defendant's 1994 Federal Income Tax return. That return, prepared for a year in which the Defendant owned and operated the inn which he continues to own and operate, reveals that the Defendant's total federal income tax liability was $65.00. The Defendant failed to produce his 1995 Federal Income Tax return (7/9/96 Transcript; p. 13, 15) notwithstanding having been ordered to do so (6/11/96 Transcript). In view of his failure to comply with orders regarding such disclosure as well as his failure to appear at the scheduled hearing and present evidence on the issue, the Magistrate was warranted in relying upon the Defendant's 1994 federal income tax return to conclude that the Defendant actually pays little or no income tax.
Third, the Defendant contends that the Magistrate, in calculating Defendant's net income, failed to allow a CT Page 10190 deduction "when it was established that the Defendant pays Court ordered support for another minor child . . .". Defendant's Designation of Record and Issues Re: Family Support Magistrate Appeal, § I, ¶ 3. The only reference made at the hearing to such an obligation was the representation of Defendant's counsel that there existed a support order in the amount of $50.00 per week for that child. The guidelines do provide that court-ordered child support payments for another minor child unrelated to the pending proceeding is an allowable deduction, provided that such payments (i) are reflected on the obligor's financial affidavit and (ii) are actually being made. In this case, it is questionable whether counsel's representation that another order existed was properly before the Magistrate. More importantly, however, counsel did not adduce any evidence that the obligation was actually being paid. That issue was more than hypothetical in view of (i) the substantial arrearage which had accrued with respect to Defendant's child support obligation in this proceeding and (ii) the Defendant's financial affidavit of July 3, 1996, reflecting alleged net weekly income in the amount of $395.00 and alleged weekly expenses in the amount $837.23. Again, it may be that this deduction might have substantiated by proper evidence, however the Defendant failed to appear and present such evidence at the scheduled hearing.[4]
Finally, the Defendant contends that support should have been suspended or otherwise adjusted for periods when the minor child resided with the Defendant or other third parties. A departure from the guidelines is not warranted simply because the obligor may have periods of visitation with the minor child. The parent with whom the child has her primary residence continues to have ongoing obligations to maintain a home for and otherwise provide for the needs of the minor child. To the extent the Defendant claims that the minor child would be residing, or had resided, with him for periods substantially longer than typical periods of visitation, the short answer is that insufficient, if any, admissible evidence was presented to the Magistrate from which he could determine the extent to which the minor child had been or would be staying with the Defendant.[5] Although such evidence could have been, but was not, elicited from any number of witnesses, it would seem that the witness most likely to substantiate such a claim would have been the Defendant himself. As noted previously, however, the Defendant failed to appear for the hearing and present evidence to support his claim in this CT Page 10191 regard.
For all of the reasons set forth above, the Defendant's appeal is denied.
Solomon, J.